**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FREDRICK MARTINEZ, ) | |
| ) | |
| Petitioner, ) | 2:07-cv-1038-JCM-PAL |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| BILL GILESPIE, *et al.*, ) | |
| ) | |
| Respondents. ) | |

Petitioner has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, but he has failed to simultaneously submit either a motion for leave to proceed *in forma pauperis* or payment of the $5.00 filing fee. Petitioner shall be sent a motion for leave to proceed *in forma pauperis* form, should he wish to apply for pauper status, and alternatively given an opportunity to pay the requisite filing fee.

Petitioner has filed a motion for the appointment of counsel in this action. (Docket #2). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of

1  the case are such that denial of counsel would amount to a denial of due process, and where the
2  petitioner is a person of such limited education as to be incapable of fairly presenting his claims.  *See*
3  *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).  The petition
4  on file in this action is well-written and sufficiently clear in presenting the issues that petitioner
5  wishes to bring.  It does not appear that counsel is justified in this instance.  The motion shall be
6  denied.

7        **IT IS THEREFORE ORDERED** that the Clerk shall send to petitioner a blank
8  motion for leave to proceed *in forma pauperis* form and instructions therefor.  Petitioner shall have
9  **thirty (30) days** from the date of entry of this order within which to file an application to proceed *in*
10 *forma pauperis*.  Failure to do so will result in the dismissal of this action.  Alternatively, petitioner
11 shall have **thirty (30) days** from the date of entry of this order within which to have the full $5.00
12 filing fee sent to the Clerk.  Failure to do so may result in the dismissal of this action.

13        **IT IS FURTHER ORDERED** that petitioner's motion for the appointment of
14 counsel (Docket #2) is **DENIED.**

        DATED this 25th day of February, 2008.

                              _____
                              UNITED STATES DISTRICT JUDGE

1  the case are such that denial of counsel would amount to a denial of due process, and where the
2  petitioner is a person of such limited education as to be incapable of fairly presenting his claims.  *See*
3  *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).  The petition
4  on file in this action is well-written and sufficiently clear in presenting the issues that petitioner
5  wishes to bring.  It does not appear that counsel is justified in this instance.  The motion shall be
6  denied.

7        **IT IS THEREFORE ORDERED** that the Clerk shall send to petitioner a blank
8  motion for leave to proceed *in forma pauperis* form and instructions therefor.  Petitioner shall have
9  **thirty (30) days** from the date of entry of this order within which to file an application to proceed *in*
10 *forma pauperis*.  Failure to do so will result in the dismissal of this action.  Alternatively, petitioner
11 shall have **thirty (30) days** from the date of entry of this order within which to have the full $5.00
12 filing fee sent to the Clerk.  Failure to do so may result in the dismissal of this action.

13        **IT IS FURTHER ORDERED** that petitioner's motion for the appointment of
14 counsel (Docket #2) is **DENIED.**

        DATED this 25th day of February, 2008.

                              _____
                              UNITED STATES DISTRICT JUDGE